**UNITED STATES DISTRICT COURT FOR**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

ROBERT D. KLINE, individually and
on behalf of others similarly situated,

   Plaintiff,

                                JURY TRIAL DEMANDED

v.

DCG PARTNERS LLC d/b/a Debtrid.com and
CONSUMER LAW RELIEF, LLC,

    Defendants.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Robert D. Kline, on behalf of himself and all others similarly situated, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF ACTION

1.    This putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA") arises from Defendant DCG Partners LLC (d/b/a Debtrid.com) ("Debtrid") harassing consumers nationwide with automated and prerecorded telemarketing calls.

### PARTIES

2.    Plaintiff Robert D. Kline is an individual who resides in Snyder County, Pennsylvania.

3.    Debtrid is a Florida Limited Liability Company, with principal address at 325 NE Spanish River Boulevard, Boca Raton, Florida 33431.  It may be served through its registered agent for service, Michal Dazzo at the address above.

4.      Defendant Consumer Law Relief, LLC ("Consumer Law Relief," and together with Debtrid, "Defendants") is a Pennsylvania Limited Liability Company, with principal address at 1328 Second Avenue, Berwick, Pennsylvania 18603.  It may be served through Erik Helbing at the address above.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action and Defendants pursuant to 28 U.S.C. § 1331 because this action arises under a United States federal statute, the TCPA, which specifically authorizes this Court to exercise subject matter jurisdiction over this matter. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each phone call in violation of the TCPA, which, when aggregated among a proposed class number of more than five thousand, exceeds the $5,000,000 threshold for federal court jurisdiction.  Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant, providing jurisdiction under 28 U.S.C. Section § 1332(d)(2)(A).

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District, in that the telephone calls at issue were made from Debtrid's call center located in this District.

## GENERAL ALLEGATIONS

7.      Debtrid markets a credit counseling service to consumers.  Debtrid markets its credit counseling services to consumers through telemarketing calls and its website, www.debtrid.com.

8.      Consumer Law Relief markets a credit counseling service to consumers.  Consumer Law Relief markets its credit counseling services to consumers through telemarketing calls and its website, www.consumerlawrelief.com.

9.      Upon information and belief, based upon the presence of consumer complaints posted online, Plaintiff alleges that Defendants and their agents placed telemarketing calls to the cell phones of persons they hoped were potential customers of Defendants' respective services.

10.     On or about November 7, 2017, Plaintiff received an unsolicited call to his cellular telephone number ending in 3448 (the "3448" Number"). The call made to his cellular phone showed as being made from area code 561 (the area code for Palm Beach County, Florida and surrounding areas).  Plaintiff answered the call and encountered several seconds of dead air before being connected with a live agent who identified herself as Karen Skillings and stated that she was calling from Debtrid's call center in Boca Raton, Florida.  In addition, Debtrid's employee identified herself as working in the "marketing" division of Debtrid's business and stated that they also promoted the business of Consumer Law Relief through these calls.

11.     Plaintiff provided no consent to receive this call, which was made by Defendants in an effort to promote the sale of their services to the public.

12.     Upon information and belief, the unsolicited call placed to Plaintiff's cellular telephone was placed through an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227 (a)(1).

13.     "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any

person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a)(5).

14.    "The term 'telephone solicitation' means the initiation of a . . . message for the purpose of encouraging the purchase . . . of . . . services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227 (a)(4).

15.    The telephone numbers that the Defendants, or its agents, made calls to were assigned to cellular telephone services pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

16.    This telephone call constituted "calls" under the TCPA that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

17.    Plaintiff did not provide Defendants or its agents prior express consent to receive unsolicited calls pursuant to 47 U.S.C. § 227 (b)(1)(B).

18.    The phone call made by Defendants or its agents therefore violated 47 U.S.C. § 227(b)(1).

19.    Plaintiff has never had any relationship, business or otherwise, with Defendants.

20.    Plaintiff has never provided his telephone number to Defendants.

21.    At no point in time did Plaintiff provide Defendants with his prior express written consent or express consent to be contacted using an ATDS or a prerecorded message.

22.    Plaintiff is the subscriber and sole user of the 3448 Number and is financially responsible for phone service to the 3448 Number.

23.     Plaintiff has standing to bring these claims because Defendants' violation of the TCPA resulted in a concrete and particularized injury to him, in the form of invasion of privacy, an unwanted and unauthorized phone call received by his cell phone, which caused wasted time addressing an unwanted phone call, unwarranted distraction from his personal and work activities, aggravation and distress, unavailability of his cell phone when it was receiving the unauthorized telephone call and depletion of his cell phone's battery and the resulting cost to recharge the phone.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

25.     Plaintiff represents, and is a member of the following class:

All persons within the United States who, within the four years prior to the filing of this Complaint, received a telephone call made through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, from Defendants, or anyone on Defendants' behalf, promoting Defendants' goods or services, to said person's cellular telephone number, who had not expressly consented in writing to receive such calls.

Excluded from the Class are: (1) Defendants and their affiliates, officers, and directors; (2) members of the judiciary and their staff to whom this action is assigned; and (3) Plaintiff's counsel.

26.     **Numerosity.**   Upon information and belief, Defendants have placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent.  Therefore, the members of the Class, are believed to be so numerous that joinder of all members is impracticable.  The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendants' call records.

27.     **Common Questions of Law and Fact.**  There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the Class are:

(a) Whether Defendants made non-emergency prerecorded calls to Plaintiff's and Class members' cellular telephones;

(b) Whether Defendants made non-emergency prerecorded calls to Plaintiff's and Class members' cellular telephones using an ATDS;

(b)

(c) Whether Defendants can meet their burden of showing that they obtained prior express consent to make such calls;

(d) Whether Defendants' conduct was knowing and willful;

(e) Whether Defendants are liable for damages, and the amount of such damages; and

(f) Whether Defendants should be enjoined from such conduct in the future.

28.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely violate the TCPA is correct, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

29.     **Typicality**.  Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

30.     **Protecting the Interests of Class Members**.  Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent

counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class

31.     **A Class Action is Superior and Advisable.**   A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are believed to be in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendants' wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class Members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by the individual litigation of such cases.

32.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)**
**On behalf of Plaintiff and the Class**

33.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

34.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any

7

automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service ….” 47 U.S.C. § 227(b)(1)(A)(iii).

35.     Defendants – or third parties directed by Defendants – used equipment having the capacity to dial numbers without human intervention to make marketing telephone calls to the cellular telephones of Plaintiff and Class Members.

36.     Defendants – or third parties directed by Defendants – made prerecorded or artificial voice calls to the cellular telephones of Plaintiff and Class Members.

37.     These calls were made without regard to whether Defendants had first obtained express written consent to make such calls. In fact, Defendants did not have prior express written consent to call the cell phones of Plaintiff and Class Members when the subject calls were made.

38.     Defendants violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system and/or an artificial or prerecorded voice to make marketing telephone calls to the cell phones of Plaintiff and Class Members without their prior express written consent.

39.     As a result of Defendants’ conduct, and pursuant to § 227(b)(3)(B) of the TCPA, Plaintiff and the other members of the putative Classes were harmed and are each entitled to $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

**COUNT II**
**Violation of the TCPA, 47 U.S.C. §§ 227(b)(3)(c)**
**On behalf of Plaintiff and the Class**

40.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

8

41.     At all times relevant to this action, Defendants knew or should have known that their conduct as alleged herein violated the TCPA.

42.     Defendants knew that they did not have prior express written consent or prior express consent to make these calls to Plaintiff and Class Members.

43.     Defendants knew or should have known that they were using equipment which constitutes automatic telephone dialing systems under the TCPA to place these calls and/or that they were using artificial or prerecorded calls that violated the TCPA.

44.     Therefore, Plaintiff is entitled to receive three times the amount of statutory damages.

45.     Based on Defendants' knowledge of the foregoing, Plaintiff and Class Members are entitled to an award of $1,500, in statutory damages, for each and every violation, pursuant to 47 U.S.C. §§ 227(b)(3)(B) and (C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Robert D. Kline, on behalf of himself and the other members of the Class, prays for the following relief:

a.     An order determining that this action is a proper class action under Federal Rule of Civil Procedure 23, certifying Plaintiff as a Class representative under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff's counsel as Class Counsel for the Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

b.     A declaration that Defendants' practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

c.      An injunction enjoining Defendants from placing telephone calls in violation of the TCPA without the prior express permission of the called party;

d.      An award of actual and/or statutory damages, including but not limited to, $500.00 for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

e.      A declaration that Defendants willfully and/or knowingly engaged in the conduct described herein in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3)(C);

f.      An award of three times the amount of actual and/or statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C);

g.      An award of any and all costs and expenses incurred by Plaintiff and the other members of the Class by bringing this action, including reasonable counsel fees and expert fees; and

h.      Such further and other relief the Court deems reasonable and just.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all triable claims.

Dated:  February 23, 2018                Respectfully submitted,

*/s/ Seth M. Lehrman*
Seth M. Lehrman (Fla. Bar No. 132896)
E-mail: seth@epllc.com
EDWARDS POTTINGER, LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

Benjamin F. Johns *(Pro Hac Vice to be filed)*
Email: bfj@chimicles.com
Andrew W. Ferich *(Pro Hac Vice to be filed)*
Email: awf@chimicles.com
CHIMICLES & TIKELLIS LLP

361 W. Lancaster Avenue
Haverford, PA  19041
Telephone: 610-642-8500
Facsimile: 610-649-3633

*Attorneys for Plaintiff and the Putative Class*